UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| V. | ) CAUSE NO. P-21-CR-157-DC |
| DAMION EDWARD CRUZ-BENAVENTE, | ) |
| Defendant. | ) |

**GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this notice. While the Government files this notice, it believes the evidence described herein is admissible outside of the exceptions of the Federal Rules of Evidence. In fact, the Government argues that the evidence described below is inextricably tied with the offenses charged. However, in the alternative, we make this filing to state our intent to provide the following evidence at trial as other crimes, wrongs, or acts, as well as testimony about relevant specific instances of conduct on cross-examination of any character witness.

The Government intends to introduce evidence that the Defendant placed the victim in fear of death or serious bodily injury outside the timeframe alleged in the indictment. Such evidence includes testimony that the Defendant brandished a machete and made threats to the victim. This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character. Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's motive and intent in place the victim in fear of death or serious bodily injury; his knowledge about how to ensure that the victim would not tell others about the abuse the Defendant perpetrated, the concomitant absence of mistake or accident to rebut

1

any suggestion that he did not intend to place the victim in fear, and his identity as the same person who is responsible for the offenses alleged in the indictment.  Of course, should Defendant testify that he did not place the victim in fear of death or serious bodily injury, this evidence would also be used to impeach any such testimony.

The Government intends to introduce evidence that the Defendant committed sexual acts with the victim outside the timeframe alleged in the indictment.  Such acts include fondling and having sex with the victim in Florida as well as in Killeen, Texas.  Furthermore, the Government intends to introduce a DNA test that shows the Defendant to be the father of the victim's son and Defendant's own admissions of being sexually attracted to minors.  This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character. Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's motive and intent to continue his sexual predations while within the special maritime and territorial jurisdiction of the United States; his knowledge about how to engage in sexual acts with the victim, the concomitant absence of mistake or accident to rebut any suggestion that he did not intend engage in sexual acts with the victim, and his identity as the same person who is responsible for the offenses alleged in the indictment.  Of course, should Defendant testify that he did not engage in sexual acts with the victim, this evidence would also be used to impeach any such testimony.

Furthermore, this evidence is admissible under Rule 414.  The Court recognized that "[i]n cases involving the molestation of children, Rule 414 permits the admission of evidence of other acts constituting child molestation when this evidence has 'bearing on any matter to which it is relevant.'"  *United States v. Moore*, 425 F. App'x 347, 2011 WL 1834433, at *1 (5th Cir. May 13, 2011) (citing Fed. R. Evid. 414(a)).  Moreover, to be

admissible under Rule 414, the evidence of other acts need not be similar in every respect, but instead "only needs to be probative as to some element of the charged offense." *Id.,* (citing *United States v. Dillon*, 532 F.3d 379, 389 (5th Cir. 2008)). In the instant case, the sexual abuse perpetrated by the defendant on the victim at all dates and times are relevant.

Additionally, if Defendant calls a character witness at trial, the Government will—as permitted by Federal Rule of Evidence 405(a)—seek to explore on cross-examination Defendant's previous violent acts, all of which were provided in discovery.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By:  */s/ Lance L. Kennedy*
Lance L. Kennedy
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2021, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Counsel for the Defendant:
Louis Correa, Assistant Federal Public Defender

*/s/ Lance L. Kennedy*
Lance L. Kennedy
Assistant United States Attorney